The Honorable Robert S. Lasnik

UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KATHY JO RAMTHUN, | NO. 2:17-cv-01440-RSL |
|---|---|
| Plaintiff, | DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation doing business in Washington, | JURY DEMAND |
| Defendant. | |

Defendant Walmart Inc. ("Walmart") (incorrectly identified in the Complaint as WAL-MART STORES, INC.") answers Plaintiff's First Amended Complaint for Personal Injuries and Damages ("Complaint") as follows:

1. In response to paragraph 1.1 of the Complaint, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. In response to paragraph 1.2 of the Complaint, Walmart admits that it is a Delaware corporation and that at all times material hereto, it owned and operated a Walmart store at 762 Outlet Collection Way Auburn, Washington.  The remaining allegations contained in said paragraph appear to constitute a legal conclusion to which no response is required.  To the extent that a response is required, Walmart denies the same.

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 1
(2:17-cv-01440-RSL)

6514922.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  3. Walmart admits the allegations in paragraph 1.3 of the Complaint [pertaining to
2  Grayhawk], upon information and belief.

3  4. Walmart admits the allegations in paragraph 1.3 [sic] of the Complaint [pertaining to
4  the propriety of jurisdiction].

5  5. Walmart admits the allegations in paragraph 1.4 of the Complaint.

6  6.  In response to paragraphs 2.1, 2.2, 2.3 and 2.4 of the Complaint, Walmart is without
7  knowledge or information sufficient to form a belief as to the truth of the allegations contained
8  therein, and therefore denies the same.

9  7. Walmart denies the allegations in paragraph 3.1 of the Complaint.

10  8. In response to paragraph 3.2 of the Complaint, Walmart is without knowledge or
11  information sufficient to form a belief as to the truth of the allegations contained therein, and
12  therefore, denies the same.

13  9. In response to paragraph 3.3 of the Complaint, said paragraph constitutes a legal
14  conclusion to which no response is required.  To the extent that a response is required, Walmart
15  denies the same.

16  10. Walmart denies the allegations in paragraphs 3.4, 3.5, and 3.6 of the Complaint.

17  11. In response to paragraphs 3.7, 3.8, 3.9. 3.10, 3.11, 3.12, and 3.13, Walmart is without
18  knowledge or information sufficient to form a belief as to the truth of the allegations.

19  12. In response to paragraph 4.1 of the Complaint, Walmart denies that it was negligent
20  and/or that any negligence by Walmart directly and/or proximately caused injuries to Plaintiff.
21  As to the remaining allegations in this paragraph, Walmart is without knowledge or
22  information sufficient to form a belief as to the truth of the allegations, and therefore denies the
23  same.

24  13. Walmart denies the allegations in paragraph 4.2 of the Complaint insofar as those
25  allegations pertain to Walmart.

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 2 (2:17-cv-01440-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6514922.1

14. Walmart denies the allegations in paragraph 4.3 of the Complaint.

15. Walmart denies/rejects Plaintiff's "Prayer for Relief" in its entirety.

## AFFIRMATIVE DEFENSES

Walmart has not had an opportunity to conduct a full inquiry of the facts underlying this lawsuit, but based upon its knowledge, information and belief formed after discovery in similar personal injury lawsuits, Walmart wishes to interpose the following affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of this case.  Upon request and after having conducted discovery in this case, Walmart will voluntarily withdraw those affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation.

By way of further answer, and as affirmative defenses to Plaintiff's Complaint, Walmart alleges as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, were proximately caused by the negligence of Plaintiff in failing to exercise reasonable care for her own safety.

4. Plaintiff's claimed injuries and damages are the result of Plaintiff's own comparative or contributory fault.

5. Plaintiff's claimed injuries and damages were due to actions of third parties beyond the control of Walmart.

6. If Plaintiff has incurred any injuries or damages, which Walmart denies, Walmart alleges that the risk of such injury or damage to Plaintiff was not foreseeable to Walmart.

7. Plaintiff has failed to join an indispensable or necessary party.

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 3
(2:17-cv-01440-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6514922.1

8. Plaintiff has not provided sufficient or timely process, or sufficient or timely service of process.

9. Some of Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, or payment and release.

10. Walmart took precautions and affirmative actions that were consistent with the state of its knowledge at the time.

11. To the extent any defective or dangerous condition existed, Walmart had no notice of any alleged defective or dangerous condition.

12. To the extent any defective or dangerous condition existed, any such condition was open and obvious.

13. Pursuant to RCW 4.22.070, the percentage of fault that allegedly caused Plaintiff's injuries, if any, should be apportioned among the following parties or entities:

   A. Plaintiff, for engaging in any conduct which may have increased her risk of being injured during and/or preceding the incident, and any other factors that future discovery may disclose regarding the degree of fault attributable to Plaintiff;

   B. Other entities that contributed to Plaintiff's alleged injuries having specific factual or procedural defenses against the Plaintiff that bar Plaintiff's cause[s] of action against those entities;

   C. Walmart reserves the right to amend the allegations of this section, as future discovery may warrant, to include additional parties or entities that may have contributed to Plaintiff's alleged injuries.

14. Walmart could not have realized that the alleged condition of the floor posed an unreasonable risk of harm to Plaintiff.

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 4
(2:17-cv-01440-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6514922.1

15. Walmart could not have expected that Plaintiff would not discover or realize the danger of the alleged condition of the floor, or fail to protect herself against it.

16. Walmart exercised reasonable care to protect Plaintiff and all customers against the alleged condition of the floor at the subject store by regularly inspecting its floors.

17. Walmart expressly reserves the right to add additional affirmative defenses pending discovery.

## REQUEST FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and having asserted affirmative defenses, Walmart prays for judgment as follows:

1. For dismissal of Plaintiff's complaint with prejudice;

2. For all costs, disbursements, and reasonable and statutory attorney fees incurred in the defense of this action, in an amount to be determined at the time of trial; and

3. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Should this matter proceed to trial, Walmart demands that all issues of fact be determined by a jury of twelve.

///
///
///
///
///
///
///
///
///

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 5
(2:17-cv-01440-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6514922.1

DATED this 12th day of June, 2018.

          WILLIAMS, KASTNER & GIBBS PLLC

By  *s/Eddy Silverman*
    Rodney L. Umberger, WSBA No. 24948
    Eddy Silverman, WSBA No. 53494
    Reshvin P. Sidhu, WSBA No. 51553

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax:    206.628.6611
Email: rumberger@williamskastner.com
         esilverman@williamskastner.com
         rsidhu@williamskastner.com

***Counsel for Defendant Walmart Inc.***

---

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 6
(2:17-cv-01440-RSL)

6514922.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| Robert D. Bohm, WSBA No. 42703<br>ROBERT D. BOHM, PLLC<br>PO Box 25536<br>Federal Way, WA 98093<br>Phone: 206.463.6767<br>Email: rdbohm@premisesinjrylaw.com<br>    jkgiuffre@premisesinjurylaw.com<br>***Counsel for Plaintiff*** | ☐ U.S. Mail, Postage Prepaid<br>☐ Fax<br>☐ ABC Legal Services<br>☐ Federal Express<br>☒ ECF/Filing |
| Jenna Labourr, WSBA No. 44555<br>Young-Ji Ham, WSBA No. 46421<br>WASHINGTON INJURY LAWYERS, PLLC<br>2211 Elliott Avenue, Suite 200<br>Seattle, WA 98121<br>Phone: 425.312.3057<br>Fax:    206.866.0208<br>Email: jenna@washinjurylaw.com<br>    youngji@washinjurylaw.com<br>    mike@washinjurylaw.com<br>***Co-Counsel for Plaintiff*** | ☐ U.S. Mail, Postage Prepaid<br>☐ Fax<br>☐ ABC Legal Services<br>☐ Federal Express<br>☒ ECF/Filing |
| James G. Fick, WSBA No. 27873<br>Colleen A. Lovejoy, WSBA No. 44386<br>Graham E. Buchanan, WSBA No. 52603<br>SCHLEMLEIN FICK & SCRUGGS, PLLC<br>66 S. Hanford Street, Suite 300<br>Seattle, WA 98134<br>Phone: 206.448.8100<br>Fax:    206.448.8514<br>Email: jgf@soslaw.com<br>    c.lovejoy@soslaw.com<br>    geb@soslaw.com<br>***Counsel for Defendant Grayhawk Leasing*** | ☐ U.S. Mail, Postage Prepaid<br>☐ Fax<br>☐ ABC Legal Services<br>☐ Federal Express<br>☒ ECF/Filing |

Signed at Seattle, Washington this 12th day of June, 2018.

WILLIAMS, KASTNER & GIBBS PLLC

By *s/Jaimisha Steward*
Jaimisha Steward, Legal Assistant

DEFENDANT WALMART INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 7
(2:17-cv-01440-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6514922.1