UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHY JO RAMTHUN,

    Plaintiff,

v.

WAL-MART STORES, INC., *et al.*,

    Defendants.

NO. C17-1440RSL

ORDER GRANTING IN PART GRAYHAWK'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on "Defendant Grayhawk's Motion for Protective Order." Dkt. # 32. Plaintiff alleges that she was injured in the Auburn Walmart store when she slipped on liquid that had accumulated on the floor in a checkout aisle. The liquid appeared to have come from a nearby Grayhawk beverage cooler. Plaintiff seeks documents and information regarding the service history of all Grayhawk coolers in the store during the five years preceding her fall (2010-2014) and all policies, procedures, and training documents in effect in 2014 that related to maintenance and repairs of the Grayhawk coolers. Grayhawk objects to the requests on relevance, undue burden, and confidentiality grounds.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING IN PART GRAYHAWK'S
MOTION FOR PROTECTIVE ORDER - 1

**(1) Service Records**

Plaintiff may discover any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Grayhawk has already produced one year's worth of service records for all of the coolers located in the checkout aisles of the Auburn Walmart, but objects to producing service records for the preceding four years or for other types of coolers it has placed in the store. Grayhawk argues that the information is irrelevant because, even if the service records show that a cooler leaks frequently, it would not prove that it leaked on the day plaintiff was injured. Dkt. # 38 at 3. The Court disagrees. Plaintiff has the burden of showing that Grayhawk knew or should have known of the condition that led to her injuries. If the service records show that coolers of the type in the checkout aisle regularly leaked (or that the one in the aisle where plaintiff was injured had not been maintained or repaired as specified in Grayhawk's policies), the information would be relevant to the jury's determination of what Grayhawk knew or should have known on October 16, 2014.

Plaintiff has not, however, shown that service records or maintenance/repair policies regarding other types of coolers Grayhawk placed in the Auburn Walmart store would inform the jury's analysis of what Grayhawk knew or should have known about the checkout aisle coolers in general, or the one near where plaintiff fell in particular.

Grayhawk's undue burden argument is based on nothing more than counsel's assertion that "it would take hours of manpower" to gather service records regarding all of the coolers at the Auburn Walmart store. "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing that specific prejudice or harm will result if the protective order is not granted." In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424

(9th Cir. 2011). Grayhawk offers no information regarding how its service records are kept other than that they are not in "one central database." Dkt. # 32 at 5. Even if counsel's bald assertions were accepted as evidence, the fact that it would take "hours" to collect the requested records does not establish undue burden.

**(2) Maintenance and Repair Policies**

Defendant argues that it need not produce its policies, procedures, and training documents related to maintenance and repairs of the Grayhawk coolers because the information will be of no use to plaintiff. As discussed above, however, if it turns out that the checkout aisle coolers were not maintained or repaired as recommended in Grayhawk's own policies, the jury could consider that information, along with plaintiff's testimony and visual evidence, when determining the source of the liquid and whether Grayhawk knew or should have known of the condition. Grayhawk cannot refuse production simply because plaintiff has not yet proven her claims: she seeks disclosure of these documents to assist her in meeting her burden of proof.

Plaintiff has not, however, shown that policies, procedures, and training documents that relate to maintenance and repairs of Grayhawk coolers other than those placed in the checkout aisles are relevant to her claims.

In the alternative, Grayhawk requests that the maintenance and repair policies be subject to a confidentiality order, limiting their use to this litigation and requiring that they be filed under seal if submitted to the Court for review. Under Rule 26(c)(1), the Court has broad discretion to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Grayhawk contends that the maintenance and repair policies plaintiff seeks "contain propriety

ORDER GRANTING IN PART GRAYHAWK'S
MOTION FOR PROTECTIVE ORDER - 3

information that is confidential and will provide Grayhawk's competitors with information allowing them to mimic Grayhawk's business model." Dkt. # 32 at 6. The policies apparently state Grayhawk's "expectations for customer service, cooler appearance, trouble shooting and general best practices." Id. No evidence is provided to support the claim that this information is commercially sensitive, that it is kept in confidence, or that harm may result from its disclosure. Absent evidence that the maintenance and repair policies are the type of information that can be protected from disclosure under Rule 26(c)(1)(G) and that its disclosure would be harmful to Grayhawk's interest in the information, good cause for a protective order has not been shown. See Seiter v. Yokohama Tire Corp., C08-5578FDB, 2009 WL 2461000, at * (W.D. Wash. Aug. 10, 2009).[1]

For all of the foregoing reasons, Grayhawk's motion for a protective order is GRANTED in part and DENIED in part. Grayhawk shall, within twenty-one days of the date of this Order, supplement its responses to plaintiff's discovery requests by providing (1) five years' worth of service records for the coolers located in the checkout aisles of the Auburn Walmart store and (2) all policies, procedures, and training documents in effect in 2014 that relate to maintenance

//

---

[1] The fact that plaintiff does not intend to keep documents disclosed in discovery confidential does not, in and of itself, justify a protective order. Grayhawk must first show that a protective order is warranted. In the absence of such a showing, the normal presumption is that documents produced in discovery are public.

ORDER GRANTING IN PART GRAYHAWK'S
MOTION FOR PROTECTIVE ORDER - 4

and repairs of the type of coolers located in the checkout aisles of the Auburn Walmart store. Grayhawk need not produce service records or maintenance/repair policies regarding other types of coolers it placed at the Auburn Walmart store.

Dated this 25th day of February, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART GRAYHAWK'S
MOTION FOR PROTECTIVE ORDER - 5